## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**MARKUS LEE GENTRY**
**ADC #146800**                                                          **PLAINITFF**

**V.**                    **NO. 4:23-cv-00387-JM-ERE**

**LATYRA M. PETTIS,** *et al.*                                **DEFENDANTS**

### RECOMMENDED DISPOSITION

I.    **Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Moody can adopt this Recommendation without independently reviewing the record.

II.   **Background:**

Markus Lee Gentry, an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit *pro se* under 42 U.S.C. § 1983. *Doc.1*. Mr. Gentry's complaint includes vague allegations relating to: (1) a disciplinary conviction that he received for possessing contraband and a possible unconstitutional search; (2) inadequate medical care to treat his broken hand; and (3) unconstitutional conditions of

confinement. Mr. Gentry attaches numerous grievance forms and other papers to his complaint. He sues seven individuals.

On June 14, 2023, the Court entered an Order explaining to Mr. Gentry that his original complaint was deficient but giving him the opportunity to file an amended complaint. *Doc. 7.* The Order identifies as deficiencies the complaint's failure to: (1) state how each Defendant violated his constitutional rights; (2) state in what capacity he is suing each Defendant; and (3) request any specific relief from the Court. The Order specifically warned Mr. Gentry that if he failed to file an amended complaint, the Court would screen his original complaint, which would likely result in the dismissal of this case. *Id. at 6.*

To date, Mr. Gentry has not filed an amended complaint clarifying his constitutional claims, and the time to do so has passed. The Court will therefore screen Mr. Gentry's original complaint, as required by 28 U.S.C. § 1915A.[1]

## III.  Discussion:

### A.    Standard

To survive § 1915A screening, a "complaint must contain sufficient factual

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## B.    Unconstitutional Search

Mr. Gentry's complaint alleges that unidentified ADC officers searched his property outside of his presence. However, the "Fourth Amendment's proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Accordingly, these factual allegations fail to state a plausible Fourth Amendment claim.

## C.    Medical Deliberate Indifference Claim

To state a plausible medical deliberate indifference claim against Defendants, Mr. Samuel must allege facts to show that: (1) he had "objectively serious medical needs"; and (2) Defendants "actually knew of but deliberately disregarded those needs." *Hamner v. Burls,* 937 F.3d 1171, 1177 (8th Cir. 2019); see also *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016).[2]

---

[2] A medical need is objectively serious if it has been "diagnosed by a physician as requiring

Mr. Gentry's complaint alleges that Dr. David Black told him that his hand was broken and was "healing out of place." *Doc. 1 at 5*. Mr. Gentry contains no details about exactly what Defendants did or failed to do that allegedly rises to the level of a constitutional violation. Thus, these allegations are insufficient to state a plausible medical deliberate indifference claim against Defendants.

### D.    Unconstitutional Conditions of Confinement Claim

To plead a plausible Eighth Amendment inhumane conditions of confinement claim, Mr. Gentry must allege facts demonstrating that: (1) objectively, he suffered an "extreme deprivation" that was "sufficiently serious" enough to deny him "the minimal civilized measure of life's necessities," or to pose "a substantial risk of

---

treatment" or if it is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Barton v. Taber,* 908 F.3d 1119, 1124 (8th Cir. 2018). When a prisoner alleges that a delay in medical treatment has violated his constitutional rights, the "objective seriousness of the deprivation should also be measured 'by reference to the *effect* of delay in treatment.'" *Laughlin v. Schriro,* 430 F.3d 927, 929 (8th Cir. 2005); *see Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 2001) (a prisoner must demonstrate that the delay in obtaining medical treatment adversely affected his prognosis, or that defendants ignored an acute or escalating situation). Importantly, "the Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minnesota,* 557 F.3d 628, 633 (8th Cir. 2009).

Under the subjective component of an inadequate medical care claim, prison officials may not "deliberately delay or deny prisoners' medical care," but a prisoner "must show more than negligence, more even than gross negligence," to make out a constitutional violation. *Hamner,* 937 F.3d at 1177; *see Roberts v. Kopel,* 917 F.3d 1039, 1042 (8th Cir. 2019) (deliberate indifference requires a mental state "akin to criminal recklessness"). Significantly, prisoners "have no right to receive a particular or requested course of treatment," and prison medical personnel "remain free to exercise their independent medical judgment." *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). It is well-settled that a prisoner's "mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation." *Id.* at 921-22 (citation and alterations omitted).

serious harm" to his health or safety; and (2) subjectively, Defendants were deliberately indifferent to the risk of harm posed by the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Mr. Gentry must, at a minimum, allege facts suggesting that Defendants were substantially aware of, but disregarded, an excessive risk to Mr. Gentry's health or safety. *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

Mr. Gentry's complaint alleges that "water is coming in my cell every day it rain[sic] outside." *Doc. 1 at 6*. However, Mr. Gentry fails to allege that Defendants either: (1) denied him any of life's necessities; or (2) disregarded an excessive risk to his health or safety. Mr. Gentry's complaint that water enters his cell when it rains outside falls exceedingly short of alleging that he suffered an extreme deprivation even arguably violating his constitutional rights. Therefore, Mr. Gentry has failed to state a plausible constitutional claim for relief regarding the unconstitutional conditions of his confinement.

### E.    Official Capacity Claims

Mr. Gentry's complaint fails to state in what capacity he is suing each Defendant. When a complaint is silent in this regard, the Court must construe Mr. Gentry's complaint as seeking relief against Defendants in their official capacity only. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Although Mr. Gentry's complaint fails to request any specific relief from the Court if he prevails in this

lawsuit, to the extent that Mr. Gentry seeks money damages for his official capacity claims against Defendants, those claims are barred by sovereign immunity. A civil litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989).

## IV.    <u>Conclusion</u>:

IT IS THEREFORE RECOMMENDED THAT:

1.    Mr. Gentry's claims be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2.    In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

3.    The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4.    The Clerk be directed to close this case.

Dated 26 July 2023.

_____
UNITED STATES MAGISTRATE JUDGE